(June 5, 1902.)

## PYKE v. BURNSIDE.

[69 Pac. 477.]

WATER RIGHTS—APPROPRIATION.—Where one constructs a ditch and conducts water upon his land year after year, and permits the same to spread out over wild hay land for purpose of making hay, or using such land for pasture, he thereby secures the right to the use of sufficient water to irrigate such land, provided the amount of water so used is sufficient for that purpose, such use being a beneficial one.

FAILURE TO POST AND FILE NOTICE.—Where an appropriator of water does not post and file notice of location as provided by law, his right only dates from the last act perfecting such appropriation. (Syllabus by the court.)

APPEAL from District Court, Fremont County.

S. C. Winters, for Appellants.

That the prior appropriator has the first right to the use of the waters of a stream has been so often decided that it is so generally understood by everyone to be the law that it seems unnecessary to cite any cases upon the subject. (*Hillman v. Hardwick*, 3 Idaho, 255, 28 Pac. 438, and cases cited.)

Caleb Jones and F. S. Dietrich, for Respondents.

Appropriation of water, waste of water, necessary proof, findings and review. (*Millheiser v. Long*, 10 N. Mex. 99, 61 Pac. 111; *Irrigation Ditch Co. v. Buffalo Creek Irr. Co.*, 25 Colo. 529, 55 Pac. 720; *Becker v. Marble Creek Irr. Co.*, 15 Utah, 225, 49 Pac. 892, 1119; *Cardoza v. Calkins*, 117 Cal. 106, 48 Pac. 1010; *Senior v. Anderson*, 115 Cal. 496, 47 Pac. 454; *Hindman v. Rizor*, 21 Ore. 112, 27 Pac. 13; *Fort Morgan Land etc. Co. v. South Platte Ditch Co.*, 18 Colo. 1, 36 Am. St. Rep. 259, 30 Pac. 1032; *Combs v. Agricultural Ditch Co.*, 17 Colo. 146, 31 Am. St. Rep. 275, 28 Pac. 966.) Meaning of the term "appropriation." (See 2 Am. & Eng. Ency. of Law, p. 517, under head of "Appropriation.")

SULLIVAN, J.—This is an action for quieting conflicting claims to water on Dry or Beaver Canyon creek, Fremont county.

The complaint is in the usual form, and defendants answered and set up by way of cross-complaint their claims to water. Before commencing to take testimony it was stipulated, by the respective parties, that the material allegations of the complaint and cross-complaints be admitted as denied, and that in entitling all papers or pleadings in this cause the following title might be used: "F. A. Pyke et al., Plaintiffs, v. James Burn-

side et al., Defendants." The cause was tried and decree entered. Under said decree defendant Thomas B. Wharton was given eighty inches of water, dating from May 1, 1891, and the defendant Milt Russell was not allowed any water whatever. Both of said defendants appeal. Wharton's contention is that the court erred in not allowing him one hundred and sixty inches of water, dating from the year 1889. The evidence on said claim shows, without contradiction, the following facts: That appellant Wharton entered upon said land, which was then a part of the public domain, in July, 1889, and cut some hay, and constructed a ditch about eighteen inches wide on the bottom, about eight inches deep, and three-quarters of a mile long, from Modoc creek, a branch of said Beaver Canyon creek, to and upon said land, which ditch had a fall or grade of about one inch to the rod; constructed lateral ditches in 1890. That said land requires irrigation to produce a profitable crop, and all but five acres thereof is susceptible of irrigation. That he filed on said land in 1890, and made final proof therefor in 1897; has the land fenced, and has thereon a corral, a loghouse, and other building material, and has spent about $700 in improving said land. Cut a little hay on said land each year since taking possession of the same. That since 1891 has irrigated about eighty acres each year. The capacity of said ditch is not shown. Appellant, however, testified that he knew nothing about measuring water, but thought said ditch would carry more than one hundred inches. It is not shown that any notice of location was ever posted and filed. The evidence shows that appellant has irrigated about eighty acres of said land since 1891, and it is not shown that his said ditch had a capacity of more than eighty inches, and, as no location notice was posted and filed for record as required by law, his right would not relate back beyond 1891, when the first application of water was made. Appellant testified that he had irrigated about eighty acres of said land from that date. The court, therefore, did not err as to the amount of water awarded him or as to the date of his right.

Appellant Milt Russell contends that the court erred in re-
fusing to award him any water whatever, and that under the
evidence he was clearly entitled to one hundred and sixty
inches dating from 1889. The testimony in Russell's claim
shows that he settled on the one hundred and sixty-acre tract
of land described in his complaint in 1889, and cut a little
hay and took out some ditches. That he filed on the land in
1890, and used water on the land that year, and made final
proof therefor in 1894. Made some of the ditches in 1889,
1890, and 1891; took his main ditch from a swamp; ditch is
eighteen inches wide on bottom and six or eight inches deep,
and water runs pretty swift in it. Grade of ditch is not
shown. Has two laterals to main ditch. Has had water all
over said land. Used water through all of said ditches each
year since they were made. Raised hay on said land. Land
requires one inch of water to the acre. Main ditch will carry
sufficient water to irrigate said land. That no one has ques-
tioned appellant's right to the use of said water, since he took
it in 1889, until this suit was brought. On cross-examination
of said appellant, it was shown that said land was natural
meadow land. That there have been no improvements made
on said land except said ditches, some of it cleared of sage-
brush; irrigated and cut hay thereon; that said land is not
fenced; that appellant would go there in the spring, or send
someone, turn the water on, and let it run until he got ready
to cut hay, and would then turn it off; that thirty-five or forty
acres of said land do not require irrigation, it being along or
covered by a swamp. Cuts on an average eighteen to twenty
tons of hay per season; that this appellant and appellant Whar-
ton are partners in the stock business, and work together in
regard to their said tracts of land; that it requires one inch
of water per acre to properly irrigate said land. There was
no contradiction of this testimony. It is not shown that a
location notice of water right was filed or posted as required
by law, and for that reason, if appellant is entitled to any
water, under said evidence, it would only date from its actual
application to said land.

We think it sufficiently appears from said evidence that appellant constructed a ditch of sufficient capacity, at least, to carry eighty inches of water upon said land; that he conducted that amount thereon each year since 1891. That he has cut some hay on said land; has cleared some of it of sagebrush; is a stockman and engaged in the stock business with appellant Wharton. There being no rebuttal to the testimony on this claim of appellant, we are of the opinion that on said evidence said appellant is entitled to eighty inches of water, dating from the year 1891, and that the court erred in not granting him that amount from that date.

The decree must be modified to that extent. The cause is remanded, with instructions to modify said decree by granting said appellant Russell eighty inches of water, dating from the year 1891; each party to pay his own costs on this appeal.

Quarles, C. J., and Stockslager, J., concur.